## CHAS. A. KRAUSE MILLING CO. v. BOWLES, Price Administrator.

### No. 208.

United States Emergency Court of Appeals.

Submitted April 2, 1945.

Filed April 12, 1945.

---

[2] Em.App., 1944, 141 F.2d 262.

Norris J. Burke, of Washington, D. C., for complainant.

Richard H. Field, Gen. Counsel, Nathaniel L. Nathanson, Associate Gen. Counsel, and John O. Honnold, Jr., Sp. Asst. to Associate Gen. Counsel, all of the Office of Price Administration, all of Washington, D. C., for respondent.

Before MARIS, Chief Judge and MAGRUDER, McALLISTER, LINDLEY, and LAWS, Judges.

PER CURIAM.

The complainant on January 20, 1945 filed a protest against the provisions of Section 5(d) of Maximum Price Regulation No. 401 (8 F.R. 7567) as those provisions existed prior to their revocation by Amendment No. 3 to the Regulation, effective June 3, 1944 (9 F.R. 5828.) The complainant alleges that it seeks a determination of its objections to these superseded provisions of Section 5(d) because of the institution on July 6, 1944 of a civil enforcement action against it charging that the complainant had made sales at prices in excess of those prescribed by the regulation. The Administrator dismissed the protest because it had not been filed while the protested provisions were in force. This complaint was then filed by the complainant under Section 204(a) of the Emergency Price Control Act.[1] The Administrator has moved to dismiss the complaint upon the ground that it fails to state a claim upon which this court can grant relief under Section 204(a).

The motion must be granted upon the authority of the recent decision of this court in Thomas Paper Stock Company v. Bowles, Em.App.1945, 148 F.2d 831. As pointed out in that case objections to a provision of a regulation which are presented to the Administrator in a protest filed after the regulatory provision has been revoked may not be considered by this court in support of a complaint filed under Section 204(a). Since the present complainant failed to file a timely protest its complaint does not set forth a claim as to which this court is empowered by Section 204(a) to grant relief.

The complainant's case falls within the third class described in the opinion in Thomas Paper Stock Company v. Bowles. Accordingly the complainant must seek relief under Section 204(e) (1) of the Act[2] within five days after judgment in the civil enforcement action by making application to the court in which that action is pending for leave to file a complaint in this court.

A judgment will be entered dismissing the complaint.

[1] 50 U.S.C.A.Appendix § 924(a).

[2] 50 U.S.C.A.Appendix § 924(e) (1).